IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 7, 2026 Session

## BRIAN HOWARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. C1810330     Carlyn L. Addison, Judge**

_____

## No. W2024-01387-CCA-R3-PC

_____

Petitioner, Brian Howard, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in concluding that he received the effective assistance of trial counsel. He argues trial counsel was ineffective in two ways: first, by failing to sever Petitioner's trial from that of his co-defendant, or alternatively, failing to introduce the co-defendant's pretrial statement to police during their joint trial; and second, by failing to waive lesser included offense instructions. He also raises a standalone due process claim, arguing that criminal defendants should have a constitutional right to affirmatively waive lesser included charges contrary to Tennessee law. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Terrell Tooten (at hearing and on appeal), Memphis, Tennessee, for the appellant, Brian Howard.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Monica Timmerman, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual and Procedural Background

After a domestic dispute turned deadly, a Shelby County Grand Jury indicted Petitioner on one count each of (1) second degree murder, (2) attempted second degree murder, (2) felon in possession of a firearm, and (4) employing a firearm during the commission of a dangerous felony—to wit, attempted second degree murder. The Grand Jury also indicted a co-defendant, Quentin Brown, for his role in the shooting, which involved Brown delivering a firearm to Petitioner just moments before the shooting occurred. The two men were tried together. After a jury trial, Petitioner was convicted of (1) voluntary manslaughter, as a lesser included offense of second degree murder; (2) attempted voluntary manslaughter, as a lesser included offense of attempted second degree murder; (3) felon in possession of a firearm; and (4) employing a firearm during the commission of a dangerous felony—to wit, attempted voluntary manslaughter. The trial court imposed an effective sentence of sixty-seven years in confinement, to be served consecutively with a fifteen-year federal sentence that Petitioner was already serving. This court later affirmed his convictions on direct appeal. *See State v. Howard*, No. W2020-00207-CCA-R3-CD, 2021 WL 144235, at *3-6 (Tenn. Crim. App. Jan. 15, 2021), *perm. app. denied* (Tenn. May 14, 2021).[1]

Petitioner then filed a pro se petition for post-conviction relief. He was appointed counsel and, thereafter, filed two amended petitions. He argued, among other things, that his trial counsel ("Counsel") was ineffective for not requesting a severance, or alternatively, for not introducing the co-defendant's pretrial statement to police. He also argued that Counsel was ineffective for failing to waive the jury instruction permitting the jury to consider the offense of attempted voluntary manslaughter—as a lesser included offense of attempted second degree murder—as the predicate "dangerous felony" upon which the firearm charge relied. Counsel and Petitioner were the only two witnesses who testified during the post-conviction hearing.

Counsel testified that he had been practicing law for twenty-seven years and had conducted more than 110 jury trials. He testified that Petitioner asserted self-defense at trial, and after consulting with Brown's attorneys, the parties decided to pursue a mutual strategy of self-defense. Counsel did not recall any specific conversations with Petitioner regarding whether Brown would testify at trial, but Counsel said he did not believe that Brown's "decision to testify or not affected our defense." When asked whether he

---

[1] To aid us in resolving the questions presented, we take judicial notice of the appellate record from Petitioner's direct appeal. *See* Tenn. R. App. R. 13(c); *State v. Lawson*, 291 S.W.3d 864, 868-70 (Tenn. 2009).

explained to Petitioner why he did not sever his trial from Brown's trial, Counsel responded, "I don't recall that [Petitioner] ever asked me that question." He further testified that he did not see any benefit to filing a motion to sever and that there was no absolute right to a severance under the law. He did not recall the specifics of Brown's pretrial statement to police but testified that he did not believe it would have been admissible unless Brown decided to testify. He pointed out that there was no way for anyone to know prior to trial whether Brown would elect to testify, and even if Brown had testified, there was no way to know whether his testimony would have been "absolutely beneficial" to Petitioner. Counsel testified that, in his experience, a co-defendant's testimony at trial was never "absolutely beneficial to his client."

Counsel testified that he proceeded to trial under the belief that the State would not be able to convict Petitioner on the charges of second degree murder or attempted second degree murder. He believed that if a jury convicted Petitioner on either count, it would be on a lesser included offense, and in his experience, the trial court almost always instructed the jury on lesser included offenses. He also pointed out that the law permits a trial court to charge lesser included offenses absent any written request by a defendant. When asked if a defendant can make an absolute waiver of lesser included offenses, such that the trial court would be obligated to exclude them from jury instructions, Counsel responded, "I'm not sure why a defendant would want to do that."

Petitioner testified that he asserted self-defense at trial, and he intended to rely—at least in part—upon Brown's pretrial statement to police to support his defense. He testified that he had no problem with Brown's statement being introduced to the jury, but Counsel never attempted to introduce it or explain to him why it was not being introduced. Petitioner did not oppose being tried jointly with Brown. He recalled Counsel explaining that he did not believe Petitioner would be convicted of second degree murder. Petitioner stated that he believed that Brown wanted to testify but Brown's attorneys would not allow him to do so. He then acknowledged that both he and Brown waived their right to testify during the trial. Petitioner stated that he was not aware that the jury could convict on lesser included charges and that he first found out about the lesser included charges when the trial court was instructing the jury in open court.

The post-conviction court orally denied relief and entered a written order. After appellate briefing was completed, we remanded the case to the post-conviction court to enter a written order that set forth findings of facts and conclusions of law as to each ground Petitioner had raised. *See* Tenn Code Ann. § 40-30-111(b). The post-conviction court entered a supplemental written order. As to the admission of Brown's statement, the court found that Petitioner failed to establish that trial counsel was deficient or that any deficiency resulted in prejudice. First, the court found that Counsel's decision not to request a severance and instead to pursue a joint defense with Brown was a reasonable

strategic decision, as evidenced by the jury's decision to acquit Petitioner of the greater charged offenses of second degree murder and attempted second degree murder. Second, the court found that it could not speculate as to how Brown would have testified during trial. Citing *Black v. State*, the court noted that it was Petitioner's burden to present Brown as a witness during the post-conviction hearing, but Petitioner failed to do so. *See* 749 S.W.2d 752, 757 (Tenn. Crim. App. 1990). As to the waiver of lesser included offenses, the court found that it was the trial court, and not Counsel, that decided to charge the lesser included offenses on the murder and criminal attempt charges. The court found that Petitioner ultimately benefited from the inclusion of the lesser included offenses, and even if Counsel had attempted to waive them, the trial court would not have been bound by any such waiver. Accordingly, the court concluded that Petitioner failed to demonstrate any prejudice as to the waiver of lesser included offenses.

## Analysis

On appeal, Petitioner argues that trial counsel was ineffective in two ways: first, by failing to request a severance so Brown's statement could be introduced in a separate trial, or alternatively, failing to introduce Brown's statement in the joint trial; and second, by failing to waive the lesser included offense instruction as to the charge of employing a firearm during the commission of a dangerous felony. Petitioner also raises a standalone due process claim, arguing due process requires that a criminal defendant should be able to affirmatively waive lesser included offense instructions. The State argues that Counsel was effective and that Petitioner's standalone due process claim is waived. We agree with the State.

### I. Ineffective Assistance of Counsel

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Both our state and federal Constitutions guarantee the right to effective assistance of counsel. *See* U.S. Const. amend. VI; Tenn. Const. art. 1, § 9. Thus, the denial of effective assistance of counsel is a cognizable claim under our Post-Conviction Procedure Act. *See Phillips v. State*, 647 S.W.3d 389, 400 (Tenn. 2022).

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," and "the petitioner bears the burden of overcoming this presumption." *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (citation modified). To meet this burden, a petitioner must clearly and convincingly prove the facts underlying the ineffective assistance of counsel claim. *See*

- 4 -

Tenn. Code Ann. § 40-30-110(f). A petitioner must then show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 688, 693 (1984). In practice, a petitioner must prove "the *fact* of counsel's alleged error by clear and convincing evidence," and if that burden of proof is met, the court then must assess under *Strickland* whether that error constitutes ineffective assistance of counsel. *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn. 2009) (emphasis in original) (reconciling statutory burden of proof with *Strickland*).

To establish deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 688. Thus, deficient performance is representation that falls below "an objective standard of reasonableness" as measured "under prevailing professional norms." *Id*. However, counsel has "wide latitude . . . in making tactical decisions." *Id*. at 689. A petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (citation modified). A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. Accordingly, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*.

To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. When the issue is that "trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black*, 794 S.W.2d at 757. "It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of whether further investigation would have revealed a material witness or what a witness's testimony might have been if introduced by defense counsel." *Id*. Failure to present such witnesses at the evidentiary hearing is a failure to show prejudice. *Id*. at 758.

Failure to satisfy either prong under *Strickland* results in denial of relief. *Phillips*, 647 S.W.3d at 401; *Strickland*, 466 U.S. at 697. Appellate review of ineffective assistance of counsel claims are mixed questions of law and fact, which are reviewed de novo. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). The post-conviction court's factual findings, credibility determinations, and the weight and value assigned to witness testimony are presumed correct unless the record preponderates against them. *Id.* at 456. The court's conclusions of law receive no deference or presumption of correctness on appeal. *Id*.

## A. Co-Defendant Brown's Statement to Police

Brown gave a statement to police following his arrest in which he said Petitioner acted in self-defense and the first gunshots came from the victim's direction. He said although he never saw the victim with a weapon, he heard the first shots and then saw Petitioner firing in response. Brown also denied delivering the firearm used by Petitioner just before the shooting started. Both Brown and Petitioner waived their right to testify at trial during a *Momon* hearing.[2]

Petitioner argues that Counsel was ineffective by failing to sever Petitioner's trial from Brown's trial, or alternatively, failing to introduce Brown's statement in the joint trial. He argues that had Counsel moved for a severance, Brown's statement could have been introduced or Brown could have testified, but even absent a separate trial, the statement could have been admitted in the joint trial under a hearsay exception. Petitioner's argument turns on (1) the reasonableness of Counsel's decision to try the case jointly; (2) the admissibility of Brown's statement to police; and (3) Brown's willingness to testify during trial. We address each question in turn.

As to severance, the post-conviction court found that Counsel made a reasonable strategic decision in not requesting severance. The court credited Counsel's testimony that he consulted with Brown's attorneys multiple times before deciding to pursue a joint defense. He further testified that he did not believe that he had a good faith basis for introducing the statement, absent Brown deciding to testify, and even then, he did not believe that Brown's decision to testify would affect their joint strategy of self-defense. Further, Petitioner testified that he never objected to the case being tried jointly. Petitioner has offered no evidence to overcome the presumption that Counsel's conduct "might be considered sound trial strategy." *See Strickland*, 466 U.S. at 689. Thus, when viewed at the time of Counsel's challenged conduct, we agree with the post-conviction court that Counsel made a reasonable strategic decision in not seeking severance. *See id*. at 690.

Beyond the reasonableness of Counsel's decision on this point, we note that Petitioner cannot show that he suffered any prejudice because of the decision not to sever. As he makes clear in his brief, Petitioner only challenges the decision to not request a severance to the extent that a severance would have facilitated the admissibility of Brown's statement or his live testimony during a separate trial. However, Petitioner has failed to show that Brown's statement would have been admissible in either a joint trial or a severed trial. He also fails to show that Brown was willing to testify.

---

[2] *See Momon v. State*, 18 S.W.3d 152, 162 (Tenn. 1999) (describing procedure trial courts and defense attorneys should follow when a criminal defendant chooses not to testify).

As to admissibility, Petitioner states—without citation to supporting authority—that Brown's statement would have been admissible as an admission by a party-opponent or a statement against interest. We disagree. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. *See* Tenn. R. Evid. 801. The statement here was given by Brown well before trial, and according to Petitioner, it would have been offered to show that Petitioner acted in self-defense. It thus qualified as hearsay and would have been inadmissible, regardless of severance, unless it fell under one of the provided exceptions. *See* Tenn. R. Evid. 802.

Tennessee Rule of Evidence 803(1.2) permits the admission of an out-of-court statement if the statement is made by a party-opponent and is offered against that party. Here, Brown was neither a party-opponent nor was the statement to be offered against Brown. Rather, Brown was a co-defendant in a joint trial, and the statement would have supported their mutual strategy of self-defense. The hearsay exception for statements by a party-opponent is, therefore, inapplicable.

Tennessee Rule of Evidence 804(b)(3) permits the admission of certain out-of-court statements if those statements are against the declarant's interest and the declarant is unavailable to testify, as defined in Rule 804(a). When Brown asserted his Fifth Amendment right not to testify, he became unavailable for the purpose of Rule 804. *See* *State v. Dotson*, 254 S.W. 378, 392 (Tenn. 2008). Yet, Petitioner has made no effort to show that the assertions contained in Brown's statement were against his interest. Although we decline to structure an argument on Petitioner's behalf, we observe that Brown's statement tended to exculpate his own role in the shooting and support the joint strategy of self-defense. Because Petitioner does not show that Brown's statement was admissible—in either the joint trial or a separate trial—he cannot show that he suffered any prejudice from Counsel's decision not to seek severance or introduce the statement during the joint trial.

Petitioner is left only with the question of whether Brown was willing to testify. But, again, he fails to show prejudice. The record is devoid of any credible evidence that Brown was willing to testify. The only evidence on this point, which the post-conviction court discredited, was Petitioner's own testimony that Brown wanted to testify. Such self-serving testimony in the face of Brown's voluntary waiver of his right to testify at trial is insufficient to clearly and convincingly prove the facts underlying Petitioner's claim. *See* *Dellinger*, 279 S.W.3d at 294. Further, this court has long held that when a petitioner claims that "trial counsel failed to . . . present witnesses in support of his defense," such witnesses must be presented during the post-conviction hearing. *Black*, 794 S.W.2d at 757. Brown did not testify at the post-conviction hearing. We cannot speculate whether Brown

was willing to testify or what he would have said. For these reasons, Petitioner cannot show prejudice.

In sum, Petitioner has failed to show that Counsel's decision not to seek severance was unreasonable, Brown's pretrial statement would have been admissible, or that Brown was willing to testify during trial. Accordingly, he fails under *Strickland* to show that Counsel was ineffective. Petitioner is not entitled to relief.

### B. Waiver of Lesser Included Offense Instruction

The Grand Jury indicted Petitioner for employing a firearm during the commission of attempted second degree murder. *See* Tenn. Code Ann. § 39-17-1324(i)(B) (defining dangerous felony to include an attempt to commit second degree murder). In its charge to the jury, the trial court instructed that "the term 'dangerous offense' is limited to Attempted Second Degree Murder [as charged] and Attempted Voluntary Manslaughter [as the lesser included offense of attempted second degree murder] . . . ." At trial, Counsel did not object to the lesser included offense in the instruction, and the jury returned a verdict convicting Petitioner of the firearm charge and finding attempted voluntary manslaughter as the predicate dangerous felony upon which the firearm charge was based.

Petitioner now argues that Counsel was ineffective for failing to affirmatively waive the inclusion of "attempted voluntary manslaughter" in the instruction for the related firearm charge. He argues that Counsel should have pursued an "all-or-nothing" strategy with respect to the firearm charge (but not the attempted second degree murder charge). Although his briefing implies otherwise, Petitioner conceded at oral argument that the law permits a trial judge to instruct on lesser included offenses over the objection of a defendant. *See* Tenn. Code Ann. § 40-18-110(d) ("The defendant's objection [to a proposed lesser included offense instruction] shall not prevent . . . the judge from instructing on lesser included offenses."). When asked about this statute, Petitioner, through counsel, responded: "I am conceding that the language is clear, unambiguous, and it means what is says."

To show Counsel was ineffective for failing to waive the lesser included offense, Petitioner must show—among other things—that the law permitted Counsel to affirmatively waive the lesser included instruction and that there exists reasonable probability that the result of the proceeding would have been different had Counsel waived the instruction. *See Strickland*, 466 U.S. at 694. Here, the relevant statute provides no mechanism for a defendant to affirmatively waive lesser included instructions in a way that binds the trial court. Rather, the trial court retains full discretion to instruct on any lesser included offense so long as the evidence presented, viewed in the light most favorable to the existence of the lesser included offense, "is legally sufficient to support a conviction

for the lesser included offense." Tenn. Code Ann. § 40-18-110(a), -(d). At most, Counsel could have objected to the instruction, but there is no evidence that the trial court would have excluded the instruction as a result. On these facts, we need not decide whether Counsel's decision to not object was deficient because Petitioner cannot show prejudice. *See Phillips*, 647 S.W.3d at 401 (failing to satisfy either prong under *Strickland* results in denial of relief). Petitioner is, therefore, not entitled to relief.

## II. Due Process

Conceding that Code section 40-18-110(d) proves dispositive of his argument about lesser included offenses, Petitioner asks this court to find the above referenced provision of the Code—which grants the trial court discretion to instruct on lesser included offenses over the objection of the defendant—unconstitutional under the Fourteenth Amendment's Due Process Clause. Petitioner raises this standalone due process issue for the first time on post-conviction appeal. Because he did not raise it below, the issue is waived. *See Walsh v. State*, 166 S.W.3d 641, 645-46 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal."). This issue is also waived under our Post-Conviction Procedure Act because it could have been raised in the motion for new trial and on direct appeal. *See* Tenn. Code Ann. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ."). Although there are two exceptions to this waiver rule, *see* Tenn. Code Ann. § 40-30-106(g)(1)-(2), neither exception applies here. Petitioner is, therefore, not entitled to relief.

## Conclusion

For the reasons above, we affirm the judgment of the post-conviction court.


_____ s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE

- 9 -